FILED BY _____ D.C.

DEC 01 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. <u>21-CR-20123-BLOOM(s)</u>
18 U.S.C. § 2339B(a)(1)
18 U.S.C. § 2339D
18 U.S.C. § 2
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 981(a)(1)(G)

**UNITED STATES OF AMERICA**

v.

**EMRAAN ALI,**
    a/k/a "Abu Jihad TNT,"

                       Defendant.
_____/

<u>**SUPERSEDING INDICTMENT**</u>

The Grand Jury charges that:

<u>**COUNT 1**</u>
**Conspiring to Provide Material Support to ISIS**
**(18 U.S.C. § 2339B(a)(1))**

Beginning in or around March 2015, and continuing through on or about March 17, 2019, at places outside the United States, namely, Trinidad and Tobago, Turkey, and Syria, with Miami-Dade County, in the Southern District of Florida, being the district where a defendant was first brought, the defendant,

**EMRAAN ALI,**
a/k/a "Abu Jihad TNT,"

did knowingly combine, conspire, confederate, and agree with others known and unknown to the Grand Jury, to provide material support and resources, as defined in Title 18, United States Code, Section 2339A(b)(1), including but not limited to currency, monetary instruments, financial services, weapons and personnel, to The Islamic State of Iraq and Syria (ISIS), which at all relevant

times was designated by the Secretary of State as a Foreign Terrorist Organization (FTO) pursuant to Section 219 of the Immigration and Nationality Act (INA), knowing that ISIS was an FTO (as defined in 18 U.S.C. § 2339B(g)(6)), and that ISIS engages in and has engaged in terrorist activity (as defined in Section 212(a)(3)(B) of the INA), and that ISIS engages in and has engaged in terrorism (as defined in Section 140(d)(2) of the Foreign Relations Act, Fiscal Years 1988 and 1989), all in violation of Title 18, United States Code, Sections 2339B(a)(1) and 2.

## COUNT 2
### Providing Material Support to ISIS
### (18 U.S.C. § 2339B(a)(1))

Between in or around March 2015, and on or about March 17, 2019, at a place outside the United States, namely, Trinidad and Tobago, Turkey, and Syria, with Miami-Dade County, in the Southern District of Florida, being the district where the defendant was first brought, the defendant,

**EMRAAN ALI,**
a/k/a "Abu Jihad TNT,"

did knowingly provide, and attempt to provide, "material support or resources," as that term is defined in Title 18, United States Code, Section 2339A(b)(1) including personnel, to a FTO as described above, that is, ISIS, knowing that ISIS was a designated FTO (as defined in 18 U.S.C. § 2339B(g)(6)), and that ISIS engages in and has engaged in terrorist activity (as defined in Section 212(a)(3)(B) of the INA), and that ISIS engages in and has engaged in terrorism (as defined in Section 140(d)(2) of the Foreign Relations Act, Fiscal Years 1988 and 1989), all in violation of Title 18, United States Code, Sections 2339B(a)(1) and 2.

### COUNT 3
### Receipt of Military-Type Training From ISIS
### (18 U.S.C. § 2339D)

Between in or around March 2015, and in or around December 2015, at a place outside the United States, namely, Syria, with Miami-Dade County, in the Southern District of Florida, being the district where the defendant was first brought, the defendant,

**EMRAAN ALI,**
a/k/a "Abu Jihad TNT,"

knowingly received military-type training in the use of weapons from and on behalf of ISIS, knowing that ISIS was a designated FTO (as defined in 18 U.S.C. § 2339B(g)(6)), and that ISIS engages in and has engaged in terrorist activity (as defined in Section 212(a)(3)(B) of the INA), and that ISIS engages in and has engaged in terrorism (as defined in Section 140(d)(2) of the Foreign Relations Act, Fiscal Years 1988 and 1989), all in violation of Title 18, United States Code, Section 2339D.

### FORFEITURE ALLEGATIONS

1. The allegations contained in Counts 1-3 of this Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures of property, in which the Defendant has an interest, to the United States.

2. The violations of Title 18, United States Code, Section 2339B(a)(1) and 2339D, alleged in Counts 1-3 of this Superseding Indictment are Federal crimes of terrorism, as defined in Title 18, United States Code, Section 2332b(g)(5), against the United States, citizens and residents of the United States, and their property.

3. Upon conviction of any of the offenses in violation of Title 18, United States Code, Section 2339B(a)(1) and 2339D, alleged in Counts 1-3 of this Superseding Indictment, the Defendant shall forfeit to the United States all right, title, and interest in all property, real or

personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 2339B(a)(1) and 2339D, or an attempt or conspiracy to commit such an offense, and all assets, foreign or domestic:

      a.    of any individual, entity, or organization engaged in planning or perpetrating any Federal crime of terrorism against the United States, citizens or residents of the United States, or their property, and all assets, foreign or domestic, affording any person a source of influence over any such entity or organization;

      b.    acquired or maintained by any person with the intent and for the purpose of supporting, planning, conducting, or concealing any Federal crime of terrorism against the United States, citizens or residents of the United States, or their property;

      c.    derived from, involved in, or used or intended to be used to commit any Federal crime of terrorism against the United States, citizens or residents of the United States, or their property; or

      d.    of any individual, entity, or organization engaged in planning or perpetrating any act of international terrorism against any international organization or against any foreign Government.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 981(a)(1)(G), and the procedures set forth in Title 21, United States Code, Section 853, made applicable through Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

_____
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

_____
JONATHAN D. STRATTON
ASSISTANT UNITED STATES ATTORNEY

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

EMRAAN ALI, a/k/a "Abu Jihad TNT,"

_____ Defendant. _____/

CASE NO. 21-cr-20123-BLOOM(s)

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)
- ✓ Miami
- ___ Key West
- ___ FTL
- ___ WPB
- ___ FTP

| | |
|---|---|
| New defendant(s) Yes ___ No ___ | |
| Number of new defendants | 0 |
| Total number of counts | 3 |

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)   No
   List language and/or dialect   _____

4. This case will take **4-5** days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I    0 to 5 days     ✓
   - II   6 to 10 days    ___
   - III  11 to 20 days   ___
   - IV   21 to 60 days   ___
   - V    61 days and over ___

   (Check only one)
   - Petty   ___
   - Minor   ___
   - Misdem. ___
   - Felony  ✓

6. Has this case previously been filed in this District Court?   (Yes or No)   Yes
   If yes: Judge Beth Bloom   Case No. 21-cr-20123
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   Yes
   If yes: Magistrate Case No.   19-mj-03949-Torres
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?   Yes ___   No ✓

8. Does this case originate from a matter pending in the Northern Region U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   Yes ___   No ✓

_____
JONATHAN D. STRATTON
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 93075

*Penalty Sheet(s) attached

REV 8/13/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name:  EMRAAN ALI, a/k/a "Abu Jihad TNT"

Case No:  21-cr-20123-BLOOM(s)

Count: 1

Conspiring to Provide Material Support to a Foreign Terrorist Organization

Title 18, United States Code, Section 2339B(a)(1)

*Max. Penalty: 20 Years' Imprisonment

Count: 2

Providing Material Support to a Foreign Terrorist Organization

Title 18, United States Code, Section 2339B(a)(1)

*Max. Penalty: 20 Years' Imprisonment

Count: 3

Receipt of Military-Type Training From a Foreign Terrorist Organization

Title 18, United States Code, Section 2339D

*Max. Penalty: 10 Years' Imprisonment

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.